# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  1:20-mc-00089-SAB |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| ASHLEY MADDOX, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF GARNISHMENT |
| Defendant and Judgment Debtor. | |
| JOHN HANCOCK RETIREMENT PLAN SERVICES, LLC, | ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS |
| Garnishee. | (ECF Nos. 9, 11, 12) |
| | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Currently pending before the Court is the United States' application pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. § 3001, *et seq.*, for a final order garnishing the property and account of Defendant and Judgment Debtor Ashley Maddox ("Defendant"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

## I.

## BACKGROUND

On November 4, 2019, after pleading guilty pursuant to a plea agreement to a single count of Aiding and Abetting the Sexual Exploitation of Minors, in violation of 18 United States Code, Section

225l(a) and (e) and Section 2, Defendant was sentenced in the criminal case <u>United States v. Ashley Maddox</u>, no. 1:17-cr-00167-DAD-BAM, and ordered to pay a statutory assessment of $100.00, and a special assessment of $5,000.00 under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014.  <u>United States v. Ashley Maddox</u>, no. 1:17-cr-00167-DAD-BAM, (ECF Nos. 90, 114, 115).[1]

To collect the assessments owed, on October 2, 2020, the Government filed an application for a writ of garnishment on a retirement account of Defendant through her employment with the Educational Employees Credit Union that is administered by the Garnishee John Hancock Retirement Plan Services, LLC ("Garnishee").  (ECF No. 1.)  On October 6, 2020, the clerk's notice of instructions to judgment debtor issued; and on October 13, 2020, the writ of garnishment issued.  (ECF Nos. 4, 5.)

On October 14, 2020, the Government filed a certificate of service demonstrating the Garnishee and the Educational Employees Credit Union were served with the application for a writ of garnishment and associated materials on October 14, 2020.  (ECF No. 6.)  On October 16, 2020, the Government filed a certificate of service demonstrating that Defendant was served with (1) the application for writ of garnishment; (2) the issued writ of garnishment; (3) the clerk's notice of instructions to judgment debtor re: writ of garnishment; (4) instructions to judgment debtor re: objecting to the answer of garnishee; (5) judgment debtor's request for hearing form; (6) instructions to defendant/judgment debtor on how to claim exemptions and claim for exemption form; (7) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and (8) a consent or decline jurisdiction of a United States magistrate judge form.  (ECF No. 7.)

On November 2, 2020, an acknowledgment of service and answer was filed by John Hancock Retirement Plan Services LLC.  (ECF No. 8.)  In the filed answer, the Garnishee stated the Ashley Maddox is a terminated participant in the Plan and the verified amount in her vested account is $25,169.42.  (ECF No. 8 at 2.)  The Garnishee stated that they serve as a record keeper and do not have any discretionary authority to control management of the Plan and had forwarded the writ of garnishment to the plan sponsor, Educational Employees Credit Union.  (<u>Id.</u> at 3.)  Neither Educational Employees Credit Union

---

[1]  Judicial notice may be taken "of court filings and other matters of public record."  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  The Court takes judicial notice of <u>United States v. Ashley Maddox</u>, no. 1:17-cr-00167-DAD-BAM (E.D. Cal.).

or the debtor have responded to the writ of garnishment.

On November 27, 2020, the Government filed the instant request for findings and recommendations for a final order of garnishment.  (ECF No. 9.)  On December 7, 2020, an order issued requiring the Government to file supplemental briefing regarding how the anti-alienation provision of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, would affect the ability to recoup the assessments from the retirement accounts.  (ECF No. 10.)  On December 17, 2020, a supplemental brief was filed along with an amended request for findings and recommendations. (ECF Nos. 11, 12.)  The Court, having reviewed its files and the application, recommends that the request be granted for the reasons explained below.

## II.

## DISCUSSION

Title 18 provides for the imposition of special assessments for those convicted of an offense against the United States.  18 U.S.C. § 3013(a).  Section 3013 states that "such amount so assessed shall be collected in the manner that fines are collected in criminal cases."  18 U.S.C. § 3013(b).

Pursuant to the JVTA, "in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person" convicted of certain enumerated offenses which includes offenses relating to the sexual abuse or other exploitation of children.  18 U.S.C. § 3014(a).  The special assessments are to "be collected in the manner that fines are collected in criminal cases, including the mandatory imposition of civil remedies for satisfaction of an unpaid fine as authorized under section 3613, where appropriate."  18 U.S.C. § 3014(f).

Section 3613 provides that "the United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  Notwithstanding any other Federal law. . ., a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with certain enumerated exceptions.  18 U.S.C. § 3613(a).  Id.

Here, the Government is seeking to collect from Defendant's retirement account which falls under ERISA, regulating private pension plans.  The Government contends that the assessments are not subject to the anti-alienation provision of ERISA for the same reasons that restitution is not.  Accordingly, the

1  Court shall first address whether the ERISA account is an allowable source to be garnished.

2  In United States v. Novak, 476 F.3d 1041, 1043 (9th Cir. 2007), the Ninth Circuit considered how

3  the circumstances under which a criminal defendant's retirement benefits can be accessed as a source of

4  funds to compensate crime victims.  In doing so, the Court had to reconcile two federal statutory schemes,

5  the Mandatory Victims Restitution Act of 1996 ("MVRA"), which governs the payment of restitution to

6  crime victims, and ERISA.  Novak, 476 F.3d at 1043.  The Court concluded "that criminal restitution

7  orders can be enforced by garnishing retirement funds, but with the funds only payable when the defendant

8  has a current, unilateral right to receive payments under the terms of the retirement plan."  Id.

9  Similar to the statutes that are at issue here, the MVRA provides that restitution orders are

10  enforceable in the same manner as criminal fines and considered the language of section 3613.  Id. at

11  1044.  The Court began by reconciling the MVRA's broad enforcement provision and ERISA's stringent

12  prohibition on alienation of pension benefits by considering the language of MVRA which allows the

13  enforcement of criminal restitution orders against "all property or rights to property," "[n]otwithstanding

14  any other Federal law."  Novak, 476 F.3d at 1046 (quoting 18 U.S.C. § 3613(a) (emphases added)).  The

15  Court found that Congress had made it quite clear that the totality of the defendant's assets were subject

16  to the restitution order.  Novak, 476 F.3d at 1046.  In squaring the conflict between this clear intent of

17  Congress and ERISA's anti-alienation provision, the Court considered the "notwithstanding" clause by

18  taking into account the whole of the statutory context in which it appears and found that two factors

19  weighed in favor of giving it full effect.  Id.  "In particular, two contextual aspects of the restitution

20  enforcement provision found in 18 U.S.C. § 3613(a)—its treatment of other types of otherwise inalienable

21  property and, most importantly, its replication of the language authorizing tax levies—make it clear that

22  MVRA's criminal restitution enforcement orders do override ERISA's alienation restrictions."  Id. at

23  1047.  The Court also found that the "treatment in § 3613(a) of other federal statutory anti-alienation

24  provisions indicates that Congress intended to override ERISA's anti-alienation provision and allow the

25  government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal

26  restitution orders."  Novak, 476 F.3d at 1048-49.

27  The Court considered "a second, critical indication in the language and structure of § 3613(a) that

28  the criminal restitution enforcement provision overrides ERISA's anti-alienation provision:  Section

4

3613(a) contains language nearly replicating language used in a parallel statute specifying the property subject to tax levy.  That language was understood before the enactment of § 3613(a) to permit levying on ERISA-covered retirement plan benefits."  Novak, 476 F.3d at 1049.  The Court found two reasons critical to understanding the interaction between the two statutes.  Id.  First, relying on the plain language of the tax levy provision and "ERISA's saving clause provision, which specifies '[n]othing in this subchapter [which includes the anti-alienation provision] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States[,]" the Ninth Circuit has construed the tax levy language as rendering ERISA's anti-alienation provision inapplicable.[2] Id. at 1050.

"Second, Congress's choice to import the tax levy language into the restitution order enforcement statute is significant, independent the propriety of our decision in McIntyre, because courts had uniformly construed the tax levy statute to supersede ERISA's anti-alienation provision before the 'notwithstanding' language was added to § 3613(a)."  Novak, 476 F.3d at 1051.  In sum, the Court held that "all standard principles of statutory construction support the conclusion that MVRA authorizes the enforcement of restitution orders against retirement plan benefits, the anti-alienation provision of ERISA notwithstanding."  Novak, 476 F.3d at 1053.

Similarly, other courts have found that "the language of § 3613(a) indicates that the government may satisfy criminal fines and court-ordered restitution against all of a criminal debtor's property except certain limited types of property 'which would be exempt from a levy for the payment of federal income taxes.' "  United States v. First Bank & Tr. E. Texas, 477 F.Supp.2d 777, 780 (E.D. Tex. 2007) (quoting United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002)).

> Section 6331 of the Internal Revenue Code ("IRC") sets forth the basic procedures for the collection of outstanding tax liabilities following notice and demand.  See 26 U.S.C. § 6331.  The Internal Revenue Service ("IRS") is authorized to levy upon all property and rights to property belonging to a taxpayer, subject to certain enumerated exemptions in § 6334, in order to satisfy outstanding tax liabilities.  See 26 U.S.C. § 6331(a).  Such a broad

---

[2] ERISA's anti-alienation provision requires that any ERISA-governed pension plan must "provide that benefits provided under the plan may not be assigned or alienated."  In re McIntyre, 222 F.3d 655, 659 (9th Cir. 2000) (quoting 29 U.S.C. § 1056(d)(1)).  "[T]he Internal Revenue Code expressly indicates that no other federal law shall exempt property from the IRS's authority to levy a delinquent taxpayer's property under § 6331."  In re McIntyre, 222 F.3d at 659 (citing 26 U.S.C. § 6334(c)).  Further, "ERISA's anti-alienation clause cannot prevent the IRS from undertaking what would otherwise be a valid exercise of its levy authority under 26 U.S.C. § 6331, because ERISA itself has a saving clause that states: 'Nothing in this subchapter [which includes the anti-alienation provision] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States.' "  In re McIntyre, 222 F.3d at 660 (quoting 29 U.S.C. § 1144(a)).

definition indicates "that Congress meant to reach every interest in property that a taxpayer might have." Medaris v. United States, 884 F.2d 832, 833 (5th Cir. 1989) (quoting United States v. National Bank of Commerce, 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)). The IRC also expressly states that no other federal law shall exempt property or rights to property from the IRS's authority to levy on a delinquent taxpayer's property under § 6331. See 26 U.S.C. § 6334(c). Moreover, the text of ERISA provides that "[n]othing in this subchapter [which includes the anti-alienation provision] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d); see also Shanbaum v. United States, 32 F.3d 180, 182–83 (5th Cir. 1994) (noting that, when "[r]eading the unambiguous language of Internal Revenue Code section 6334(c) with the mandate contained in section 1144(d) of ERISA, [the] argument that the IRS levy authority yields to the later enacted non-alienation provision is without merit").

First Bank & Tr. E. Texas, 477 F.Supp.2d at 781. The Court finds that the anti-alienation provision of ERISA does not preclude the Government from collecting the assessment from the defendant's retirement account.

Defendant is currently incarcerated and no longer employed by the plan sponsor. (Compl. 2, 3, ECF No. 1.) She is 100% vested in the plan and upon termination the plan provides that she may elect to receive a lump-sum payment. (Id. at 3.) Therefore, she has a current, unilateral right to receive payments under the terms of the retirement plan. Novak, 476 F.3d at 1043.

The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The special assessments imposed in the criminal action are a debt under the FDCPA. See 28 U.S.C. § 3002(3) (under the FDCPA "debt" means "an amount that is owing to the United States on account of a . . . fine, assessment, penalty, restitution. . . .").

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b)-(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, at which the judgment debtor may move to quash any order granting the garnishment or move for exemption of property. 28 U.S.C. § 3014(b); 28 U.S.C. § 3202(b)(2). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default . . . to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good

cause for setting aside such judgment." 28 U.S.C. § 3202(d).

Among other things, the documents served on Defendant on October 16, 2020, advised her of her rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF No. 7.)  Specifically, Defendant was advised that she had twenty (20) days from the date she received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). (ECF No. 7-3.)  Defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has expired.

Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that the United States' request for findings and recommendations for final order of garnishment be GRANTED.

IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant Ashley Maddox and file notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2021**

UNITED STATES MAGISTRATE JUDGE